UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRETT MEALS** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| Plaintiff, | ) | **CASE NO.: 5:24-CV-00279** |
| | ) | |
| vs. | ) | <u>**ORDER**</u> |
| | ) | |
| **WMK, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal of the Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Doc. 36. The parties ask the Court to approve, as fair and reasonable, the proposed Confidential Settlement Agreement and Release ("Settlement Agreement") subsequently filed under seal in this case. Doc. 37.

**I.   BACKGROUND**

On February 13, 2024, Plaintiff Brett Meals filed the instant action against Defendant WMK, LLC, dba Mobility Works. Doc. 1. Specifically, he asserted that Defendant failed to pay him overtime wages in violation of the Fair Labor Standards Act and under Ohio law, and that it failed to pay him commission under Ohio law. Doc. 1.

In his Complaint, Plaintiff alleged that he worked for Defendant since 2013. Doc. 1, ¶13. Plaintiff asserts that in 2019, he was transitioned out of his role as regional manager and replaced by a substantially younger individual. Doc. 1, ¶16. He alleges that his sales territory and capacity

to makes sales was consistently reduced and transferred to substantially younger individuals. Doc. 1, ¶17. On August 15, 2023, Plaintiff was terminated. Doc. 1, ¶21. Plaintiff asserts that his termination was pretext for age discrimination. Doc. 1, ¶23. On October 25, 2023. Plaintiff filed a charge with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission alleging that Defendant discriminated against him based on age. Doc. 1, ¶24.

Plaintiff further asserted that during his employment he was required to work more than 40 hours per workweek, but was not paid overtime, and that Defendant failed to keep adequate records of employees' time work and amounts paid. Doc. 1, ¶¶31, 36. Plaintiff also alleged that Defendant filed to pay him an agreed upon sales commission. Doc. 1, ¶¶41, 42.

On April 1, 2024, Plaintiff moved to amend his complaint, in part to add federal (Age Discrimination in Employment Act, "ADEA") and state (Ohio Revised Code, §4112.02) discrimination claims after the OCRC and EEOC issued a right to sue letter on March 21, 2024. Doc. 11. The Court granted this motion. Doc. 12. On June 17, 2024, Plaintiff filed his second amended complaint, removing his claim that Defendant failed to pay him agreed-upon commissions. Doc. 17.   The final claims at issue are: Count 1– FLSA Overtime Violations, Count 2– Ohio Overtime Violations, Count 3– ADEA, Count 4–ORC §4112.02. Doc. 17.

On March 10, 2025, the parties requested leave *to file confidential settlement agreement and motion of approval of settlement UNDER SEAL.* Doc .34. The Court, in an abundance of caution, granted the motion to filed under seal because the complaint asserted both private claims of discrimination and FLSA claims. On March 20, 2025, the parties filed their joint motion *to approve settlement agreement and joint stipulation to dismiss claims with prejudice filed under seal* as well as their confidential settlement agreement and attorney time records. Doc. 36, 37, 38.

On July 23, 2025, the Court heard oral arguments on the issue. At that time, the Court

expressed its concern regarding the confidentiality provision and the reasonableness of the proposed attorney fees.

Having reviewed the motion, the Settlement Agreement, Declaration of Counsel (Doc. No. 12-2), as well as the pleadings and papers filed in this action, for the following reasons, the parties' joint motion is DENIED WITHOUT PREJUDICE, as set forth below.

## II. ANALYSIS

When reviewing a proposed settlement agreement in a FLSA case, the Court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Rotuna v. W. Customer Mgmt. Group* LLC, 2010 WL 2490989, 2010 U.S. Dist. LEXIS 58912 (N.D. Ohio June 15, 2010.)

The Court must "scrutinize the proposed settlement for fairness to determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Pitty v. Conrad's Laserwash Co., Inc,* 2023 WL 7166917, 2023 U.S. Dist. LEXIS 194639, at *3 (N.D. Ohio Oct. 31, 2023) (citing *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, 2012 WL 6707008, at *1, 2012 U.S. Dist, LEXIS 181808, at *4 (E.D. Tenn. Dec. 26, 2012)).

A reviewing Court should consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. Id. In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. See generally *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

The Court notes that the settlement agreement purports that it "is entered into for purpose

of settling a lawsuit and any and all disputes between the Parties from the beginning of time to the present." Doc. 37. The agreement contemplates the full and complete release of *all* claims in the lawsuit. Id. Accordingly, this agreement encompasses both Plaintiff's private causes of action for discrimination *and* his FLSA overtime claims.

Court approval for Plaintiff's non-FLSA claims is not required and therefore, the factors stated above do not apply to any portion of this agreement that relate to these claims. See, *Grillo v. Compass Health Brands Corp.*, 2024 WL 4626235, 2024 U.S. Dist. LEXIS 196751, at *10-11(N.D. Ohio Oct. 25, 2024) (citing *Chime v. Family Life Counseling and Psychiatric Services*, 2020WL 6746511, 2020 U.S. Dist LEXIS 214765 (N.D. Ohio Nov. 17, 2020). For example, the Court is tasked with determining the reasonableness of attorney fees regarding the FLSA claims, but the proposed agreement provides for one lump sum. Upon review of the provided time records, the Court cannot determine what time was spent solely on the FLSA claims. Because the settlement funds are not apportioned between FLSA and non-FLSA claims, the Court cannot conduct the necessary review of the proposed settlement agreement. Therefore, the parties' joint motion to approve the settlement is DENIED without prejudice.

**IT IS SO ORDERED.**

**December 22, 2025**　　　　　　　　　　　　　　**/s/ John R. Adams**
**Date**　　　　　　　　　　　　　　　　　　　　　**John R. Adams**
　　　　　　　　　　　　　　　　　　　　　　　　**U.S. District Judge**