**EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release of All Claims ("Agreement") is entered into by and between BRETT MEALS (who together with his spouse, heirs, executors, administrators, trustees, attorneys, agents, and/or permitted assigns is referred to as ("Meals") and WMK, LLC d/b/a MOBILITYWORKS ("MobilityWorks") (who together with its related, affiliated, and associated companies, direct or indirect parent or subsidiary companies, predecessors, successors, and assigns, and its and their owners, officers, directors, agents, attorneys, and/or employees is referred to as the "Company") (Meals and the Company may collectively be referred to as the "Parties" or individually as "Party"). This Agreement is entered into for the purpose of settling claims brought in the lawsuit between the Parties.

### RECITALS

**WHEREAS**, the Parties have decided to settle and resolve the Fair Labor Standard Act and Ohio Minimum Wage Act Claims ("FLSA Claims") that were brought in the lawsuit filed by Meals in the United States District Court for the Northern District of Ohio, Case No. 5:24-cv-000279 ("Lawsuit");

**WHEREAS**, the Company has offered and Meals has accepted valuable and fair consideration in exchange for a full and complete release of all FLSA Claims in the Lawsuit;

**WHEREAS**, the Parties now desire to memorialize the full and final agreement between them pursuant to the terms of this Agreement; and

**WHEREAS**, this Agreement between the Parties shall supersede and replace any other verbal or written agreement between them.

**NOW THEREFORE**, in consideration of the mutual agreements contained herein, being good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Consideration:** As consideration for the release contained in Paragraph 3 below, the promises and agreements made by Meals in this Agreement, and in full accord, satisfaction, and final compromise and settlement of FLSA Claims, including, back wages, liquidated damages and attorneys' fees, and expenses, MobilityWorks agrees to pay Meals a one-time payment of ONE HUNDRED TWO THOUSAND, NINE HUNDRED TWENTY THREE DOLLARS and SIXTY CENTS ($ 102,923.60) ("Settlement Payment") and the Settlement Payment shall be allocated as follows:

   (i) One payment for alleged lost back pay made payable to "Brett Meals" in the amount of Twenty-Seven Thousand Six Hundred Forty-One Dollars and Twenty Cents ($47,641.20), less applicable payroll/tax withholdings, for which the Company shall issue an IRS Form W-2 to Meals and

   (ii) One payment for liquidated damages under the FLSA by check made payable to "Brett Meals" in the amount of Twenty-Seven Thousand Six Hundred Forty-One Dollars and Twenty Cents ($27,641.20), for which the

**EXHIBIT A**

Company shall issue an IRS Form 1099-MISC to Meals. It is understood and agreed that Meals will submit to the Company's counsel a completed W-9 prior to the payment date; and

(iii) One payment for alleged attorneys' fees and costs by check made payable to the "Sherman Boseman Legal Group" in the amount of Twenty-Seven Thousand Six Hundred Fourteen Dollars and Twenty Cents ($27,614.20). The Company shall report said attorneys' fees to the IRS on Form 1099. It is understood and agreed that the Sherman Boseman Legal Group will submit to the Company's counsel a completed W-9 prior to payment date.

2. **Tax Liability and Indemnification:** Meals agrees that he is responsible for all applicable taxes, if any, as a result of the receipt of the Settlement Payment. Meals understands and agrees that the Company is not providing him with any representations regarding tax obligations or consequences that may arise from this Settlement Agreement. Meals, for himself and his dependents, successors, assigns, heirs, executors, and administrators (and Meals' legal representatives of every kind), agrees to indemnify and hold the Released Parties (defined below) harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against any of the Released Parties in connection with such governmental authority's determination that the Company or any of the other Released Parties were required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Meals pursuant to Paragraph 1 of this Agreement. Meals agrees that he shall indemnify the Released Parties for the full amount of such liability within thirty (30) days after receipt of notice from the Company or any of the other Released Parties of the assessment of such taxes, penalties, or interest.

3. **Release:** Meals hereby promises not to sue and forever releases and discharges Company and its related, affiliated, and associated companies, direct or indirect parent or subsidiary companies, predecessors, successors, affiliates and assigns, and its and their owners, officers, directors, agents, attorneys, employees, agents and/or clients (collectively, the "Released Parties") from the FLSA Claims in the Lawsuit.

Upon execution of this Agreement, the Parties shall file a Motion to Dismiss the Lawsuit and, if such Motion is approved by the Court, will file a stipulation of dismissal by which the Parties will dismiss all pending claims in the Lawsuit with prejudice and each party shall bear their own costs, including Court costs and attorney fees. Upon dismissal, Meals, through his counsel shall destroy all documents and records produced by the Company during the Lawsuit.

4. **Medicare/Medicaid:** Meals represents and warrants that no Medicare or Medicaid payments have been made to him or on his behalf. Meals also represents and warrants that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any matters released in this Agreement. Lastly, Meals agrees that he, not the Company, shall be responsible for satisfying any and all such liens, claims, demands, subrogated interests, or causes of action that exist or have been asserted or that may in the future exist or be asserted.

**EXHIBIT A**

5. **Non-Admission of Wrongdoing:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind, and that there was no prevailing party to the Lawsuit.

6. **Interpretation:** The Parties agree that the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.

7. **Applicable Law:** This Agreement and all matters arising out of or relating to it, including tort and statutory claims, are governed by, and construed in accordance with, the laws of Ohio.

8. **Counterparts:** This Agreement may be executed in multiple counterparts, via facsimile, e-mail, PDF, e-signature or photocopy signature, each of which shall be deemed an original.

9. **Representations:** By entering into this Agreement, and in connection with the release of all FLSA Claims as set forth in Paragraph 3, the Parties acknowledge, agree and represent that:

a. This Agreement has been written in understandable language, and all provisions in it are understood by the Parties;

b. The Parties have consulted and/or had the opportunity to consult with attorneys of their own choosing prior to executing this Agreement.

c. Meals has executed this Agreement of his own free will; and

d. The release discharges all FLSA Claims.

10. **Entirety of Agreement and Severability:** The Parties agree that if any provision of this Agreement is declared invalid by a court of competent jurisdiction, such invalidation shall not affect the remaining provisions of this Agreement, which shall remain in full force and effect. This Agreement may not be amended except by a writing signed by the Parties. The Parties acknowledge that no promise or agreement not herein expressed has been made to them and that this Agreement contains the entire agreement relating to the matters addressed herein between the Parties hereto. It supersedes all prior discussions, negotiations, and between the Parties.

[Signature Page to Follow]

**EXHIBIT A**

**BRETT MEALS ACKNOWLEDGES THAT HE HAS READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT WITH THE INTENTION OF RELINQUISHING ALL FLSA CLAIMS.**

IN WITNESS WHEREOF, Brett Meals and MobilityWorks have freely, voluntarily and knowingly executed this Agreement.

**AGREED:**

Brett Meals

Dated: 7/1/2026

Christine Schaefer
On Behalf of WMK, LLC d/b/a
MobilityWorks

Dated: 7/1/2026